# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00296-CR

**Pete Louis Guerrero, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-11-904013, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Pete Louis Guerrero of prohibited sexual conduct. *See* Tex. Penal Code Ann. § 25.02(a)(5) (West 2011). Finding allegations that he had two prior felony convictions to be true, the jury assessed punishment at 99 years in prison. On appeal, Guerrero contends that the trial court abused its discretion in denying his motion for mistrial made after sustaining his objection to the prosecutor's opening argument. Guerrero contends that the argument contained an impermissible reference to his right not to testify and that the instruction to disregard did not cure the error or the harm. We will affirm the judgment.

One manner of committing prohibited sexual conduct is to engage in sexual intercourse or deviate sexual intercourse with another person the actor knows to be the child of the actor's sister. Tex. Penal Code Ann. § 25.02(a)(5). Guerrero was charged with having sex with his sister's 17-year-old daughter. The victim testified that he coerced her into having sex. His sperm was found on her panties. He essentially conceded in a recorded telephone call to his mother that

he and the victim had consensual sex. The victim's grandmother testified that the victim was "not a truthful person."

Guerrero complains that the trial court erred by denying his motion for mistrial made in response to the following portion of the prosecutor's opening statement:

> This 39-year old defendant's sperm—his sperm was found in the panties of his 17-year-old niece. How did it get there?
>
> Well, during the State's case in chief, you are going to hear out of the mouth of this defendant that his sperm was found in his 17-year old niece's panties as a result of a consensual sexual act initiated by his niece while he was in a very vulnerable condition.
>
> You will hear the defendant claim that sex between him and his sister's child was consensual, but it wasn't.

Guerrero did not object during the opening statement. Immediately after the conclusion of the statement, he requested a bench conference. The following exchange occurred.

> Defense attorney: I just want to make an objection. She had stated to the jury, in opening statement, that you are going to hear from the defendant. She talked about what they will hear from the defendant. She did not state that, that was going to be on a tape-recording. So, she gave the impression to the jury in saying that you are going to hear from the defendant that he is going to testify, and that is impermissible to talk about whether or not he is going to testify, and we are going to object to that, and ask for a mistrial.
>
> Trial court: The State's response?
>
> The State: Your Honor, it is clear from voir dire, and everything that you have said up to this point, that the defendant cannot be compelled to testify. That is something that I stated in my voir dire. That is something that was reiterated over and over again.
>
> Trial court: Would you like an instruction to the jury? Your mistrial request is denied.

2

Defense attorney: Yes, ma'am. That it is only—well, however you want to phrase it.

Trial court: What type of instruction do you want me to give them?

Defense attorney: That opening statement is not evidence.

Trial court: Do you want me to say anything about the statement about—do you want me to point, specifically, to that statement?

Defense attorney: Yes, I would.

Trial court: I'm just trying not to make it worse. Do you know what I'm saying?

Defense attorney: I understand that.

Trial court: Do you want me to say that, he made it by video?

The State: Recorded.

Defense attorney: I don't have a problem with that.

Trial court: Ladies and gentlemen of the jury, you are instructed, that opening statement is not evidence. The only evidence that you will be allowed to consider will come from the witness stand. It is just a preview of what the attorneys anticipate that the evidence will show.

The State's comment about a statement by the defendant, she was referring to an audio statement that the state believes will come into evidence. You are not to take that in any way or in any manner as a comment on the defendant's right not to testify. A defendant in a criminal case has the absolute right not to testify. It is his choice consulting with his attorney. So, you are not to consider that statement for any other purpose.

The trial then proceeded.

A grant of a motion for mistrial should be reserved for those cases in which an objection could not have prevented, and an instruction to disregard could not cure, the prejudice stemming from an event at trial. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App.

3

2004).  We review the denial of a mistrial for an abuse of discretion.  *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  If a trial court's ruling is at least within the zone of reasonable disagreement, there is no abuse of discretion.  *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).  To evaluate whether the trial court abused its discretion in denying a motion for mistrial for improper jury argument, an appellate court evaluates three factors which balance:  (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction).  *Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App. 2011).

Prosecutorial comment that refers to an accused's failure to testify violates the accused's Fifth Amendment right against compelled self-incrimination.  *See Griffin v. California*, 380 U.S. 609, 613 (1965); *Canales v. State*, 98 S.W.3d 690, 695 (Tex. Crim. App. 2003); *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001).  To constitute error, the comment must clearly refer to the accused's failure to testify and cannot simply be subject to construction as an implied or indirect allusion.  *Bustamante*, 48 S.W.3d at 765.  The test is whether the prosecutor manifestly intended his language to be such a comment, or whether the language was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify.  *Canales*, 98 S.W.3d at 695; *Bustamante*, 48 S.W.3d at 765.

We note initially that the prosecutor's statement is not a comment on appellant's failure to testify.  The prosecutor's statement that "you are going to hear out of the mouth of this defendant" certain facts did not clearly refer to appellant's failure to testify.  Appellant argues that,

4

in a case in which thirteen jurors were excluded for cause when they said they would take a defendant's failure to testify as evidence of guilt, setting up the expectation that jurors would "hear" from appellant when he would not be called caused the prosecutor's comment to effectively be a comment on his failure to testify. There is, however, no evidence or indication that the prosecutor intended to comment on the failure to testify or that the jury would necessarily and naturally take it as such. This argument requires too much implication to "clearly refer to the accused's failure to testify." *See Bustamante*, 48 S.W.3d at 765.

Even if jurors initially made the implications necessary to believe that the prosecutor was commenting on appellant's failure to testify, the trial court quickly disabused them of that notion. The trial court instructed them that opening statement is not evidence, and that "The State's comment about a statement by the defendant, she was referring to an audio statement that the state believes will come into evidence. You are not to take that in any way or in any manner as a comment on the defendant's right not to testify. A defendant in a criminal case has the absolute right not to testify." That should have redirected any misled jurors and cured any harm from the argument. Defense counsel also stated "I don't have a problem with that" regarding inclusion of certain facts in the instruction.

Finally, the evidence favoring the conviction is strong. The statute prohibits persons who know they are within certain familial relationships from having sexual intercourse. *See* Tex. Penal Code Ann. § 25.02(a). There is no dispute that appellant knew that the victim was his sister's child—a relationship that is plainly within the statute. *Id.* § 25.02(a)(5). The substance of appellant's recorded telephone conversations with his mother strongly supported the view that appellant and the victim had sexual intercourse. The jury heard appellant say the following:

5

- It wasn't all my fault, Mom. It didn't happen like the way she said it happened. . . . She said that I forced her. I didn't do all that, Mom.

- My lawyer's going to attack them like it was a consensual thing. . . . It wasn't done by force. . . . It wasn't done that I assaulted her, aggressively without her own will.

- [I]n order for it to be a sexual assault, there has to be a threat. Before it happens.

The above evidence, combined with the victim's testimony and the DNA evidence on her panties, provides overwhelming support for each of the elements of the offense of prohibited sexual conduct for which appellant was convicted. *See* Tex. Penal Code Ann. § 25.02(a)(5).

We conclude that the prosecutor did not comment on appellant's failure to testify and that, even if she did, the court did not abuse its discretion by denying the motion for mistrial. We affirm the conviction.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: August 31, 2012

Do Not Publish